City of North Ridgeville, Appellee, *v.* Munkacsy, Appellant.

[Cite as City of North Ridgeville v. Munkacsy, 4 Ohio App. 2d 389.]

(No. 1680—Decided December 22, 1965.)

*Mr. John P. Gallagher,* law director, for appellee.

*Messrs. Phillips, Sharratt & Munkacsy,* for appellant.

Doyle, P. J.   John A. Munkacsy, Jr., was charged by affidavit in the Elyria Municipal Court with violating Section 24.2 of the municipal ordinances of the city of North Ridgeville (a motor vehicle traffic law).  He was tried, found guilty and sentenced.

In his appeal to this court, he presents the following assignment of errors:

"1. The court erred in overruling defendant's motion to discharge at the end of the city of North Ridgeville's case in chief.

"2. The court erred in overruling defendant's motion for dismissal at the end of the case.

"3. The court erred in overruling defendant's motion to reconsider its judgment.

"4. The judgment is not sustained by the evidence.

"5. The judgment is contrary to law."

The affidavit charged that the defendant, Munkacsy, "did

unlawfully operate" a motor vehicle upon Bagley Road, east of Route 10, in the city of North Ridgeville, in Lorain County, Ohio, "and did then and there commit the following offense: Speed—Unreasonable for conditions (50 m. p. h. in 35 m. p. h. zone) * * * in violation of Sec. No. 24.2." The affidavit executed on a so-called "Ohio Uniform Traffic Ticket" contained, in substance, the following statement: traffic—light; area—residential; road surface—asphalt; width—two lanes; accident—no.

Section 24.2 of the Code of Ordinances of North Ridgeville contains the following pertinent provisions:

"Speed. No person shall operate a motor vehicle in and upon the streets and highways at a speed greater or less than is reasonable or proper, having due regard to the traffic, surface and width of the street or highway and of any other conditions, and no person shall drive any motor vehicle in and upon any street or highway at a greater speed than will permit him to bring it to a stop within the assured clear distance ahead.

"It shall be prima facie lawful for the operator of a motor vehicle to operate the same at a speed not exceeding the following:

"The speed limit authorized by official sign if maintained at such location otherwise:

"* * *

"(C) Thirty-five miles per hour on all state routes or through highways within the municipality outside business districts, except as provided in paragraphs (D) and (F) of this section;

"* * *

"It shall be prima facie unlawful for any person to exceed any of the speed limitations prescribed in this or in other sections of this code. In every charge of violation of this section the affidavit and warrant shall specify the time, place, and the speed at which the defendant is alleged to have driven, and also the speed which this section declares shall be prima facie lawful at the time and place of such alleged violation. (R. C. Sec. 4511.21.)"

Ordinances of the kind here under consideration have been analyzed on numerous occasions by Ohio courts. The wording of the ordinances follows the state law in essential respects.

In the case of *City of Cleveland* v. *Keah,* 157 Ohio St. 331,

it is declared that "where a municipal ordinance makes it prima facie unlawful for a motor vehicle to exceed a certain speed limit in a described locality, a speed greater than that specified does not establish the commission of an offense or constitute unlawful conduct per se, but establishes only a prima facie case under the ordinance. Such a provision as to speed is merely a rule of evidence raising a rebuttable presumption which may be overcome by evidence showing that in the circumstances the speed was neither excessive nor unreasonable." (First paragraph of the syllabus.)

In reading and analyzing the evidence as contained in the bill of exceptions, we find sufficient probative evidence to sustain a conclusion that the defendant drove a motor vehicle at a speed greater than thirty-five miles per hour in a described locality within the city of North Ridgeville, in violation of Section 24.2(C) of the ordinance, and that this was sufficient to make a prima facie case against the defendant.

We further conclude from the record that the presumption of illegality was not overcome by evidence showing that under the circumstances the speed was neither excessive nor unreasonable. In fact there is no evidence in the record on this vital point. Under these circumstances, speed alone is sufficient to convict.

We cannot say that error prejudicial to the rights of the defendant intervened, and we so find.

The judgment must be, and will be, affirmed.

*Judgment affirmed.*

BRENNEMAN and HUNSICKER, JJ., concur.