THE STATE OF OHIO, APPELLEE, *v.* CUMMINGS, APPELLANT.

(No. 69-827—Decided March 10, 1971.)

*Mr. John T. Corrigan,* prosecuting attorney, and *Mr. Curtis L. Smith,* for appellee.

*Mr. Paul Mancino, Jr.,* for appellant.

STERN, J. In view of our disposition of this case, it is only necessary to discuss one of the several arguments which the appellant has raised, namely, whether the trial judge committed prejudicial error in charging the jury on the effect of prima facie evidence?

R. C. 2911.14 reads, in part:

"No person shall, with intent to defraud, obtain food, lodging, or other accomodations at a hotel, inn, boarding house or eating house or private room or ward of a hospital or sanitarium.

" * * *

"* * * refusal or neglect to pay [for such lodging, food, or other accommodation] * * * on demand * * * is prima facie evidence of such fraudulent intent."

In *State* v. *Trimming* (1965), 89 Idaho 440, 406 P. 2d 118, the court stated:

" 'Prima facie evidence,' referred to in statutory enactments, is such evidence as in the judgment of the law is sufficient to establish guilt and, if credited by the finder of the facts, it is sufficient for that purpose, unless rebutted or the contrary proved."

In the instant case, the trial judge charged the jury, as follows:

"The words 'prima-facie' used in this statute mean a fact is presumed to be true unless disproved by some other

evidence to the contrary. It is that evidence which is sufficient to establish a fact, and if not rebutted, remains sufficient for the purpose.''

A strikingly similar instruction was considerd by this court in *Koenig* v. *State* (1929), 121 Ohio St. 147. What was stated in that case is applicable here. In *Koenig,* the defendant had been convicted under G. C. 710-176 (now R. C. 2911.111) for issuing checks upon insufficient funds. The court stated at page 154:

''Many errors are assigned by the accused in connection with the instructions of the trial court to the jury. We find one very important error. The trial court, in speaking of the provisions of the statute quoted, and particularly of the refusal of the bank on which the check was drawn to pay the same, said:

'' 'You may regard such refusal as sufficient to establish beyond a reasonable doubt the intention to defraud and knowledge of insufficient funds or credit in or with the bank on which the check is drawn to pay such check, in the absence of explanation or contradiction.'

''It is true that in this same part of the charge and also in several other places in the charge the court told the jury that notwithstanding the *prima facie* presumption arising under the statute against the accused, nevertheless the jury must find from the evidence that the accused had been proven guilty beyond a reasonable doubt before the jury could return a verdict of guilty. The trouble about the charge is that it is contradictory, and it cannot be said with certainty that the jury gave heed to the court's other statements of the law and disregarded this incorrect statement of the law.

''This court has several times held that, where there is an erroneous charge given, which is not withdrawn from the consideration of the jury, the error cannot be cured by correctly stating the law upon the same subject in some other part of the charge. The charge makes manifest the desire that the trial court had to place the full burden upon the state with respect to proving the

accused guilty beyond a reasonable doubt; but this most unfortunate statement is in the charge and its effect cannot be disregarded.''

Analysis of the trial court's charge on prima facie evidence in the instant case indicates that the jury was instructed that such evidence alone, if not rebutted, was sufficient to establish the fact of guilt beyond a reasonable doubt. In a criminal case, the trier of the facts must consider and weigh the prima facie evidence adduced, and, after such reflection may determine whether the evidence is sufficient to establish the fact of guilt beyond a reasonable doubt. However, to state that the presentment of prima facie evidence, if not rebutted, establishes a fact as proved, as the trial court did, is prejudicial error.

The judgment of the Court of Appeals is reversed and the cause is remanded to the Court of Common Pleas for a new trial.

*Judgment reversed.*

O'NEILL, C. J., SCHNEIDER, DUNCAN, CORRIGAN and LEACH, JJ., concur.

HERBERT, J., dissents.