### In re ZINDLE.

[Cite as *In re Zindle* (1995), 107 Ohio App.3d 342.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 17239.

Decided Nov. 8, 1995.

*Maureen O'Connor,* Summit County Prosecuting Attorney, *Philip D. Bogdanoff* and *John Sinn,* Assistant Prosecuting Attorneys, for appellee Cuyahoga Falls.

*Charles William Zindle,* for appellant Paul Zindle.

---

BAIRD, Presiding Judge.

Defendant-appellant, Paul Zindle, appeals from an order of the Court of Common Pleas of Summit County, Juvenile Division, finding him guilty of speeding, in violation of Cuyahoga Falls Codified Ordinance 333.03. We affirm.

On May 3, 1994, at 10:58 a.m., Preston Johnson, a patrolman with the Cuyahoga Falls Police Department, cited appellant for driving fifty-five miles per hour on Wyoga Lake Road, between Larue Drive and Wyoga Lake Boulevard, in the city of Cuyahoga Falls. The posted speed limit in that area is thirty-five miles per hour. Appellant pleaded not guilty.

The case was heard by a juvenile court referee. Appellant and Patrolman Johnson were the only witnesses. The proceedings were not recorded. According to the referee's report, however, Patrolman Johnson testified that he clocked appellant traveling at fifty-five miles per hour on Wyoga Lake Road in the vicinity of Walsh Jesuit High School and Cuyahoga Valley Christian Academy. Patrolman Johnson had checked his radar equipment at both the beginning and end of his shift and found it to be in proper operating condition. Despite the posted speed limit of thirty-five miles per hour, Patrolman Johnson testified that he probably would not have issued a citation if the appellant had been traveling forty-five miles per hour or less under the weather conditions, road conditions, and traffic present at the time he issued the citation.

Appellant testified that, when he passed Patrolman Johnson on the road, he was traveling at approximately forty to forty-three miles per hour. When he reached the driveway of Walsh Jesuit High School, approximately one-quarter mile away, he "may have" been traveling at fifty miles per hour. According to appellant, there were no pedestrians or other automobiles on the street at the time he was clocked and he believed his speed was reasonable and proper. Walsh Jesuit was not in regular session at the time, and the only students present were those taking exams. Appellant did not know whether Cuyahoga Valley Christian Academy was in session at the time.

■    On January 6, 1995, the referee recommended that the appellant be found guilty of speeding, in violation of Cuyahoga Falls Codified Ordinance 333.03. Defendant was ordered to pay a fine of $25 and court costs the same day.[1]  On February 1, 1995, the referee's report was filed and approved by the trial court, subject to the parties' rights to file written objections within fourteen days.

On February 6, 1995, appellant filed a notice of appeal to this court.  On February 14, appellant's attorney submitted an "affidavit about evidence submitted to the referee" and objections to the referee's report.  He also moved for a stay of execution of judgment pending his appeal.  On February 23, 1995, the trial court ruled that, because appellant had filed an appeal, it was without jurisdiction to rule on appellant's objections to the referee's report.  The court did, however, grant the stay requested.

Appellant then moved to dismiss his appeal.  That motion was granted by this court on March 1, 1995.  On March 21, 1995, the trial court released the stay, ordered the appellant to pay the fine and costs recommended by the referee and, implicitly, overruled appellant's objections to the referee's report.  On April 20, 1995, appellant filed a timely notice of appeal, asserting three assignments of error.

## I

"The trial court erred by not making an independent analysis of the referee's report properly objected to."

In his first assignment of error, appellant argues that the juvenile court erred by "rubber stamping" the referee's report when appellant had filed objections and an affidavit about evidence in opposition to that report.  He argues that the trial court erred in not further considering the facts and in not conducting an evidentiary hearing, particularly when his objections were based on the sufficiency or weight of the evidence.

Juv.R. 40(D)(2) provides that, when objections have been filed to a referee's report, "[u]pon consideration of the objections, the court may adopt, reject, or modify the report; hear additional evidence; return the report to the referee with instructions; or hear the matter itself."  Juv.R. 40(D)(6) provides that "[t]he court may adopt any finding of fact in the referee's report without further

---

1.  In accordance with *State v. Berndt* (1987), 29 Ohio St.3d 3, 4–5, 29 OBR 173, 173–175, 504 N.E.2d 712, 713–714, if appellant had *voluntarily* paid the fine and failed to establish that he would suffer collateral disability or loss of civil rights resulting from his conviction, this court would be required to dismiss this appeal as moot.  See, also, *State v. Golston* (1994), 71 Ohio St.3d 224, 643 N.E.2d 109.  A referee's instruction to a defendant to pay a fine, coupled with a threat of detention if he refuses, establishes that the fine was not voluntarily paid. Accordingly, the issues raised on appeal are not moot.

consideration unless the party who objects to that finding supports that objection with a copy of all relevant portions of the transcript from the referee's hearing or an affidavit about evidence submitted to the referee if no transcript is available."

■ Contrary to appellant's assertion, Juv.R. 40(D)(2) and 40(D)(6) do not require that the trial court hold a hearing when objections and an affidavit about evidence have been filed. Further consideration is required, but a hearing is within the discretion of the court. We are not persuaded that the trial court did not consider appellant's objections and affidavit about evidence. The trial court's conditional acceptance of the referee's report was made on February 6, 1995. Appellant filed his objections and affidavit about evidence on February 14, 1995. The trial court did not enter its final order in this case until March 23, 1995.

Appellant argues that his case is similar to that reviewed in *In re Moorehead* (1991), 75 Ohio App.3d 711, 600 N.E.2d 778, wherein the trial court failed to consider objections and evidence. In *Moorehead*, the trial court adopted a referee's report before a transcript of the evidence, ordered by appellant with the trial court's knowledge, was delivered for the court's review. The appellate court held that, when objections to a referee's report are based on the sufficiency and weight of the evidence, *and a transcript of a hearing is ordered*, a trial court does not have discretion to overrule the objections without first considering the testimony set forth in the transcript. *Id.* at 720, 600 N.E.2d at 783–784.

There is no evidence in the case before us that the trial court failed to consider appellant's objections or his affidavit about evidence in adopting the findings of the referee. The trial court had appellant's affidavit and objections for over five weeks before it adopted the referee's findings. There is nothing before us to support appellant's allegation that the trial court did not consider the affidavit and objections.

Accordingly, appellant's first assignment of error is overruled.

## II

"The referee's report was itself in error, there being insufficient evidence as a matter of law to sustain the recommendation that Paul Zindle was guilty of a violation of section 333.03, Cuyahoga Falls Ordinances (speed greater or less than is reasonable or proper)."

■ In his second assignment of error, the appellant argues that the trial court did not properly consider evidence relating to the width, traffic, and other conditions existing on Wyoga Lake Road at the time of the incident. He argues that such evidence was required to be before the court in order for it to determine whether the appellant was, in fact, operating at a speed greater than

was reasonable or proper. In the absence of such evidence, appellant argues, the trial court had insufficient evidence on which to find him guilty.

Cuyahoga Falls Codified Ordinance 333.03 provides:

"(a) No person shall operate a motor vehicle at a speed greater or less than is reasonable or proper, having due regard to the traffic, surface and width of the street or highway and any other conditions, and no person shall drive any motor vehicle in and upon any street or highway at a greater speed than will permit him to bring it to a stop within the assured clear distance ahead.

"(b) It is prima-facie lawful * * * for the operator of a motor vehicle to operate the same at a speed not exceeding the following:

" * * *

"(3) Thirty-five miles per hour * * * on all State routes or through highways within the Municipality outside business districts[.]

" * * *

"(c) It is prima-facie unlawful for any person to exceed any of the speed limitations in subsections (b)(1)A. to (b)(6) hereof."

A violation of a speeding ordinance or statute is a criminal offense. See *State v. Huxtable* (1983), 13 Ohio App.3d 371, 13 OBR 453, 469 N.E.2d 931. As such, the state is required to prove an accused's guilt beyond a reasonable doubt. *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus. Cuyahoga Falls Codified Ordinance 333.03, like R.C. 4511.21 after which it is patterned, provides that traveling in excess of a posted, or otherwise specified, speed limit establishes only a prima facie case of speed and not unlawful conduct *per se*. *Cleveland v. Keah* (1952), 157 Ohio St. 331, 47 O.O. 195, 105 N.E.2d 402, paragraph one of the syllabus; *N. Ridgeville v. Munkacsy* (1965), 4 Ohio App.2d 389, 391, 33 O.O.2d 488, 489, 212 N.E.2d 826, 828. "Such a provision as to speed is merely a rule of evidence raising a rebuttable presumption which may be overcome by evidence showing that in the circumstances the speed was neither excessive nor unreasonable." *Id.* "What is 'reasonable and proper under the circumstances,' * * * is a question of fact. Where there is sufficient evidence to support a finding of guilty, a conviction will not be set aside." *State v. Neff* (1975), 41 Ohio St.2d 17, 18, 70 O.O.2d 82, 83, 322 N.E.2d 274, 275.

Where a statutory presumption is present in a criminal case, "the trier of the facts must consider and weigh the prima facie evidence adduced, and, after such reflection may determine whether the evidence is sufficient to establish the fact of guilt beyond a reasonable doubt." *State v. Cummings* (1971), 25 Ohio St.2d 219, 222, 54 O.O.2d 325, 327, 267 N.E.2d 812, 814. "[T]he trier of the facts *may*

determine that the prima facie evidence, alone, is sufficient to establish a fact."
(Emphasis added.) *Id.,* paragraph two of the syllabus. However, the trier of the
facts is not *required* to make such determination and may be swayed by other
evidence or by the facts and circumstances of a case.

The nature of statutory presumptions was addressed by the Supreme Court of
Ohio in *State v. Myers* (1971), 26 Ohio St.2d 190, 197–203, 55 O.O.2d 447, 451–454,
271 N.E.2d 245, 250–253. In *Myers,* the court considered the presumption raised
by R.C. 4511.19(B) which provided, at that time, that a concentration of fifteen
hundredths of one per cent or more by weight of alcohol in a driver's blood
created a presumption that the driver was under the influence of alcohol.

"In so providing, the General Assembly has expressed its conviction that the
relationship between the objective determination by chemical test of the percent-
age of alcohol by weight in the blood (.15% or more), and its effect on people, is so
well scientifically established that it need not be demonstrated by evidence, and
may take the place of evidence at trial. The purpose of the presumption is to
eliminate the need for expert testimony which would otherwise be necessary to
relate the numerical figure representing a percentage of alcohol by weight in the
blood as shown by the result of a chemical test, with the common understanding
of being under the influence of alcohol." *Id.* at 198, 55 O.O.2d at 451–452, 271
N.E.2d at 251.

Either party may introduce evidence to either bolster or rebut the presumption
set forth in the statute or ordinance. *Id.* at 201, 55 O.O.2d at 453, 271 N.E.2d at
252. A fact finder must weigh any evidence introduced on the testing procedure
and the nature of the test administered. *Id.* at 201, 55 O.O.2d at 453, 271 N.E.2d
at 252. If the fact finder determines that the test was proper and that the
driver's blood contained the requisite amount of alcohol, that element of the
state's case is presumed to be present but may be rebutted by the driver through
other evidence. The amount of evidence needed to counter the presumption is
only that amount necessary to combat the state's ability to prove its case beyond
a reasonable doubt:

" 'The degree of proof necessary to remove a presumption is not to be confused
with the degree necessary to sustain the burden of proof. When a party is not
required to sustain the burden of proof upon some particular issue, a rebuttable
presumption arising out of such issue may be overcome by evidence which
counterbalances the evidence to sustain the presumption; however, when such
party is required to assume the burden of proof upon an issue, any rebuttable
presumption arising therefrom must be removed by the same degree of proof
necessary to sustain the issue.' " *Id.* at 201–202, 55 O.O.2d at 453, 271 N.E.2d at
252, quoting *Kennedy v. Walcutt* (1928), 118 Ohio St. 442, 161 N.E. 336,

paragraph five of the syllabus. See, also, *State v. Adams* (1982), 3 Ohio App.3d 50, 53, 3 OBR 57, 60–61, 443 N.E.2d 1047, 1050–1051.

In the case before us, the trial court had before it the citation issued to appellant by Patrolman Johnson. The citation indicated that appellant had been clocked by radar traveling at a speed of fifty-five miles per hour in a thirty-five-mile-per-hour zone, the pavement was dry, visibility was clear, traffic was light, and the infraction occurred in a residential area. The facts set forth in the citation were corroborated by Patrolman Johnson's testimony before the referee, as set forth in the referee's report, by a photograph of the roadway introduced into evidence by appellant, and by appellant's testimony. Appellant also testified that he believed "he may have gotten up to approximately fifty miles per hour prior to turning into the [school's] parking lot." Patrolman Johnson testified that he probably would not have ticketed appellant if appellant had been travelling at a speed no greater than forty or forty-five miles per hour. The referee concluded that appellant was guilty because "a clear and present danger could arise from a vehicle speeding on Wyoga Lake Road" at 10:58 a.m. in a residential neighborhood in which two schools were located.

Based on the foregoing, there was sufficient evidence set forth in the referee's report from which the trial court could conclude that the state had proven beyond a reasonable doubt that appellant violated the ordinance when he exceeded the posted speed limit by twenty miles per hour under the facts and circumstances set forth in the referee's report.

█ Appellant also argues that the referee erred by failing to permit him to include, as evidence, testimony and a State Bureau of Motor Vehicles statistical report indicating that the area in question is not a high accident area and by refusing to allow his testimony as to the speed of other automobiles traveling the area.

A referee has discretion in the admission and exclusion of evidence, and his or her evidentiary decisions will not be reversed on appeal absent a clear abuse of discretion which materially prejudiced the objecting party. Civ.R. 53; *Conn Constr. Co. v. Dept. of Transp.* (1983), 14 Ohio App.3d 90, 95–96, 14 OBR 104, 108–110, 470 N.E.2d 176, 180–182. An abuse of discretion occurs when a referee's attitude is unreasonable, arbitrary or unconscionable. See *State v. Adams* (1980), 62 Ohio St.2d 151, 157, 16 O.O.3d 169, 172–173, 404 N.E.2d 144, 148–149.

In view of the reliance the referee placed on the residential character of the area in which appellant exceeded the speed limit, the proximity of the area to two schools, and other evidence introduced on the issue of reasonable and proper speed, we do not find that the exclusion of the proffered evidence and testimony

was an abuse of discretion. Moreover, appellant cites no authority for his proposition that exceeding a valid posted speed limit by twenty miles per hour is reasonable and proper under any circumstances. Accordingly, we fail to see how appellant was prejudiced by the exclusion of such evidence.

Appellant's second assignment of error is overruled.

### III

"The referee was bias[ed] in his attitude regarding the law of the case, stating, 'You can't go over the posted speed limit in any situation' and other such errors, see Objections to the Report."

In his third assignment of error, appellant appears to argue that the referee demonstrated at the hearing a belief that exceeding a posted speed limit was a *per se* violation of Cuyahoga Falls Codified Ordinance 333.03. This belief, he argues, permeated and biased the hearing.

The referee's report indicates that the referee admitted into evidence Patrolman Johnson's testimony as to how much over the speed limit appellant would have needed to be traveling in order for Patrolman Johnson to cite him. The referee permitted testimony by appellant that May 3 was not a regular school day, but an exam day in which fewer students were present, and that there were no automobiles or pedestrians on the street as he traveled. The referee set forth in his report both parties' arguments relative to reasonable and proper speed for the area and noted that two high schools were located in the residential area. He concluded "that a clear and present danger could arise from a vehicle speeding on Wyoga Lake Road at this time of day."

Whatever the referee may have stated during the hearing from which appellant inferred a misunderstanding of the law, no misunderstanding is apparent from the referee's report. While appellant's affidavit of evidence does show that, at the time of the hearing, the referee made a statement which reflected a misapprehension as to the law, the referee's report reflects no such misapprehension. We fail to see why a statement made at the hearing should be held to constitute a fatal taint to the entire proceeding. If the referee did harbor some misapprehension, he had apparently disabused himself of it by the time he rendered his report for it does not appear therein. The report is the vehicle by which the referee communicates with the judge who must decide the case. That the referee would think about the case, and correct his earlier misstatement when composing his report, is more laudable than reversible.

Appellant's third assignment of error is overruled.

The decision of the trial court is affirmed.

*Judgment affirmed.*

QUILLIN and DICKINSON, JJ., concur.