OPINION
On June 29, 1997, appellant Gordon Shuler received a speeding ticket from the Ohio State Highway Patrol on U.S. 33 in Fairfield County. Appellant's speed was measured by radar at 70 miles per hour in a 60-mile-per-hour zone. He was charged with violating R.C. 4511.21(C), which prohibits driving at a speed unreasonable for the conditions.
The case proceeded to trial in the Lancaster Municipal Court. At trial, appellant stipulated that he was traveling 70 miles an hour in a 60-mile-per-hour zone. The prosecution offered no further proof that appellant's speed was unreasonable for the conditions.
Appellant testified that U.S. 33 is a divided highway with a median strip separating the north and south bound lanes. He testified that the portion of the road on which he was traveling is in excellent condition, and is twenty-four feet wide. He testified that visibility was perfect, and there were no hills or curves in the area. After this testimony, the prosecution offered no testimony to rebut his evidence that the speed was reasonable for the conditions.
The court found appellant guilty, and fined him $25.00. He assigns a single error:
ASSIGNMENT OF ERROR:
 THE TRIAL COURT ERRED IN FINDING THE DEFENDANT GUILTY OF SPEEDING IN VIOLATION OF O.R.C. 4511.21(C), THE STATE HAVING FAILED TO OFFER ANY EVIDENCE THAT THE DEFENDANT'S SPEED WAS UNREASONABLE FOR THE CONDITIONS AT THE TIME AND PLACE OF THE ALLEGED OFFENSE.
Our duty when considering a claim that a judgment is against the weight of the evidence is to review the evidence, in a light most favorable to the State, to determine whether a reasonable trier of fact could find that the State proved the defendant guilty beyond a reasonable doubt. State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. The weight to be given evidence and the credibility of witnesses are to be determined by the trier of fact, not the reviewing court. State vs. Jamison
(1990), 49 Ohio St.3d 182, cert. denied, 498 U.S. 881.
Appellant was not charged with a per se speeding violation. Rather, he was charged solely with a violation of R.C. 4511.21:
 (C) It is prima-facie unlawful for any person to exceed any of the speed limitations in divisions (B) (1) (a), (2), (3), (4), (6), and (7) of this section, or any declared pursuant to this section by the director or local authorities and it is unlawful for any person to exceed any of the speed limitations in division (D) of this section. No person shall be convicted of more than one violation of this section for the same conduct, although violations of more than one provision of this section may be charged in the alternative in a single affidavit.
Under Subsection C of R.C. 4511.21, traveling in excess of a posted, or otherwise specified speed limit, establishes only aprima facie case of speed, and not unlawful conduct per se.Cleveland vs. Keah (1952), 157 Ohio St. 331, paragraph one of the syllabus. Such a provision as to speed is merely a rule of evidence raising a rebuttable presumption, which may be overcome by evidence showing that in the circumstances, the speed was neither excessive nor unreasonable. Id. What is reasonable and proper under the circumstances is a question of fact, and where there is sufficient evidence to support a finding of guilty, a conviction will not be set aside. In re: Zindle (1995),107 Ohio App.3d 342, 347.
Where a statutory presumption is present in a criminal case, the trier of fact must consider and weigh the prima facie evidence adduced, and after such reflection, may determine whether the evidence is sufficient to establish the fact of guilt beyond a reasonable doubt. Id. The trier of fact may determine that theprima facie evidence alone is sufficient to establish a fact.Id. at 347-348.
The amount of evidence needed to counter a rebuttable presumption is only that amount necessary to combat the State's ability to prove its case beyond a reasonable doubt. Id. at 348. When a party is not required to sustain the burden of proof upon some particular issue, a rebuttable presumption arising out of such issue may be overcome by evidence with counter-balances the evidence to sustain the presumption. Id. at 348.
It is apparent that the trial court applied the wrong legal standard to determine whether appellant rebutted the presumption:
 THE COURT: I've, uh, often wondered why the, uh, per se section of the code isn't challenged more than it is. Um, however, it's my, my impression in order to prevail, uh, to rebut, uh, rebuttable presumption, uh, that, uh, a speed, a speed is unreasonable is you have to show some, uh, individual characteristics, uh, that make the person driving a superior driver, i.e., train, uh, driver's , some type of driver's training, uh, like a Highway Patrolman might have, uh, superior eye sight, superior hearing, uh, something that distances the drive, the driver from the everyday driver on, uh, Route 33. Um, so, for that, um, for that reason, um, it's the Court's finding that the, uh, presumption was not rebutted and, um, would find you guilty of the speeding offense, Mr. Shuler.
Tr. 11.
Rather than determining whether he rebutted the prima facie
case with evidence sufficient to demonstrate that his speed was reasonable for the conditions, the court placed a standard of proving that his driving skills were superior to the average driver. This clearly is not the proper standard according to law.
However, we cannot find, as a matter of law, that the judgment was against the manifest weight of the evidence, as we would be required to engage in a determination of weight of the evidence to rebut the prima facie case. A reviewing court is not to consider the weight of the evidence or the credibility of witnesses. Jamison, supra.
Accordingly, the Assignment of Error is sustained in part and overruled in part. The judgment of conviction and sentence is reversed. This case is remanded to the Lancaster Municipal Court for new trial, consistent with this Opinion.
By: Reader, J., Hoffman, P. J. and Farmer, J. concur.
Court of Appeals, Fairfield County, Fifth Appellate District
 JUDGMENT ENTRY
CASE NO. 97-CA-62
For the reasons stated in the Memorandum-Opinion on file, the judgment of conviction and sentence is reversed. This case is remanded to the Lancaster Municipal Court for new trial, consistent with this Opinion. Costs to appellee.