OPINION
{¶ 1} Defendant-appellant, James Rimedio, appeals his conviction in the Butler County Area III Court for speeding in violation of R.C. 4511.21. We affirm appellant's conviction.
 {¶ 2} On February 3, 2002, West Chester Police Officer Neil Schmitz observed appellant's vehicle traveling at a high rate of speed on Eagleridge Drive in West Chester Township. Using radar, Officer Schmitz determined that appellant's speed was 39 m.p.h. The posted speed limit in the area was 25 m.p.h. The officer pulled appellant's vehicle over and issued a ticket for speeding.
 {¶ 3} At a bench trial on the matter, appellant admitted that he was driving 39 m.p.h. in the 25 m.p.h. zone. He argued, however, that his speed was not unreasonable for the conditions. He presented evidence that traffic was light, visibility was clear, the road was paved and that he had no difficulty stopping his vehicle when pulled over by Officer Schmitz.
 {¶ 4} The trial court rejected this argument and found appellant guilty of speeding. He was fined $15 and costs. Appellant now appeals his conviction, and in a single assignment of error contends that the judgment is against the manifest weight of the evidence.
 {¶ 5} An appellate court will not reverse a judgment as against the manifest weight of the evidence in a bench trial where the trial court could reasonably conclude from substantial evidence that the state has proved the offense beyond a reasonable doubt. State v. Eskridge
(1988), 38 Ohio St.3d 56, 59. The standard for reversal for manifest weight of the evidence has been summarized as follows:
 {¶ 6} "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." State v. Thompkins, 78 Ohio St.3d 380, 387, 1997-Ohio-52, quoting State v. Martin (1983), 20 Ohio App.3d 172, 175.
 {¶ 7} Appellant contends that the trial court could not lawfully enter a finding of guilty without evidence that the vehicle was operated at a speed faster than was reasonable for the conditions. Appellant argues that the evidence showed visibility was clear, the road was paved, his vehicle was the only one proceeding northbound when the radar was activated and that he was able to stop without difficulty when the officer activated his lights. Appellant also argues that he was familiar with the area and that he thought he was driving in a manner reasonable for the conditions.
 {¶ 8} Under R.C. 4511.21, a speed greater than that specified does not establish the commission of an offense or constitute unlawful conduct per se. Cleveland v. Keaha (1952), 157 Ohio St. 331. Instead, a speed in excess of the statutory speed limit is a prima facie unreasonable speed.State v. Dehnke (1974), 40 Ohio App.2d 194, syllabus. A prima facie case is one in which the evidence introduced is sufficient to support, but not to compel a certain conclusion. Keaha at 336. The trier of fact may determine that prima facie evidence alone is sufficient to establish a fact, but is not required to do so. In re Zindle (1995),107 Ohio App.3d 342, 348. Instead, the trier of fact may be swayed by other evidence or by the facts and circumstances of the case. Id. Such a provision creates "a rule of evidence raising a rebuttable presumption which may be overcome by evidence that in the circumstances the speed was neither excessive nor unreasonable." Cleveland v. Keaha at 336.
 {¶ 9} Appellant argues that the evidence was insufficient to prove that his speed was faster than was reasonable and proper. However, as mentioned above, speed in excess of the statutory limit is a prima facie unreasonable speed. Although a trial court may find sufficient evidence to rebut the prima facie presumption, it is not required to do so simply because a defendant presents evidence supporting his contention.
 {¶ 10} "Speeding statutes and ordinances are promulgated, in part, to protect against the risk that excessive speeding creates to people in the vicinity." Shaker Heights v. Katz (Dec. 12, 1996), Cuyahoga App. No. 69875. Although little evidence was presented regarding the nature of the area in which appellant was speeding, there was evidence that it was a residential area with a posted limit of only 25 m.p.h. Appellant was exceeding that limit by 14 m.p.h. Given these facts, the court could reasonably have found that, despite appellant's arguments to the contrary, he failed to rebut the presumption that his speed was unreasonable. Appellant's assignment of error is overruled.
Judgment affirmed.
WALSH, P.J., and VALEN, J., concur.