OPINION
{¶ 1} Appellant Susan A. Legg appeals from her traffic conviction, in the Licking County Municipal Court, for failure to yield the right-of-way to another vehicle. The relevant facts leading to this appeal are as follows.
 {¶ 2} On the afternoon of June 20, 2004, appellant was the driver of a Hyundai automobile eastbound on Jugg Street (C.R. 22) in Jersey Township, Licking County. Intending to turn left into a private driveway, she waited as a "dually" pickup truck backed out of the same driveway. After this truck pulled away, and while appellant completed a left turn into the driveway, her car was hit by another pickup truck, a westbound Ford F-150, driven by Dale Pearce.
 {¶ 3} Appellant was subsequently cited for failing to yield the right-of-way during her left turn. The matter proceeded to a bench trial on July 16, 2004. The evidence presented included expert testimony by Douglas R. Morr, P.E., who opined that Pearce was traveling at least 71 MPH just before his collision with appellant's vehicle.
 {¶ 4} At the conclusion of the trial, the court issued a judgment entry finding appellant guilty of said traffic charge. Appellant was fined $50 and assessed court costs.
 {¶ 5} Appellant filed a notice of appeal on July 29, 2004. She herein raises the following two Assignments of Error:
 {¶ 6} "I. At the conclusion of the trial arising out of a motor vehicle collision between appellant and dale pearce (`pearce'), the trial court erred by failing to properly apply ohio law to the facts, against the manifest weight of the evidence, and erroneously held that appellant was required to yield the right of way to pearce, despite pearce's violation of R.C. 4511.21(C) nd (D) in traveling at least 71 MPH in a 55 MPH zone, which conduct operated to cause pearce to forfeit his right of way pursuant to R.C. 4511.42, 4511.01 (UU), and ohio precedent.
 {¶ 7} "II. The trial court erred by holding, against the sufficiency and/or manifest weight of the evidence, that appellant should have been able to see pearce's vehicle at the same time that pearce could see her vehicle."
 I. II. {¶ 8} In her First and Second Assignments of Error, appellant essentially contends her traffic conviction was against the manifest weight of the evidence.[1] We disagree.
 {¶ 9} Our standard of review on a manifest weight challenge is stated as follows: "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."State v. Martin (1983), 20 Ohio App.3d 172, 175, 485 N.E.2d 717. See, also, State v. Thompkins (1997), 78 Ohio St.3d 380, 678 N.E.2d 541. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction."Martin at 175, 485 N.E.2d 717.
 {¶ 10} Appellant herein was cited under R.C. 4511.42(A), which reads as follows:
 {¶ 11} "The operator of a vehicle, streetcar, or trackless trolley intending to turn to the left within an intersection or into an alley, private road, or driveway shall yield the right of way to any vehicle * * * approaching from the opposite direction, whenever the approaching vehicle * * * is within the intersection or so close to the intersection, alley, private road, or driveway as to constitute an immediate hazard."
 {¶ 12} R.C. 4511.01(UU)(1) defines "right of way" as "[t]he right of a vehicle * * * to proceed uninterruptedly in a lawful manner in the direction in which it or the individual is moving in preference to another vehicle, streetcar, trackless trolley, or pedestrian approaching from a different direction into its or the individual's path."
 {¶ 13} Appellant directs us to the opinion of the defense expert that Pearce was traveling more than 71 MPH in a 55 MPH zone as the events began to unfold. As such, appellant argues, the purportedly speeding Pearce lost his "preferential status" and was no longer in the right of way. In support she cites two civil cases from this Court, State AutoMutual Ins. v. Carr (Jan. 7, 1981), Stark App. No. 5374, and Willard v.Fast (1944), 75 Ohio App. 225.
 {¶ 14} However, Ohio law does not reveal the applicability of such an uncomplicated approach in the present context. In City of Cleveland v.Keah (1952), 157 Ohio St. 331, the Ohio Supreme Court held: "A conviction for the violation of an ordinance, providing that a vehicle within a street intersection intending to turn to the left shall yield the right of way to the driver of a vehicle approaching from the opposite direction, will not be disturbed on appeal, where the evidence plainly shows that the defendant in an intersection turned his vehicle to the left directly into or in front of another vehicle proceeding straight through the intersection on a green traffic light, and that, although such latter vehicle may have been traveling at a speed prima facie unlawful, such speed in no way contributed to the collision between the two vehicles."
 {¶ 15} In State v. Shuler (March 16, 1998), Fairfield App. No. 97-CA-62, we cited Keah for the proposition that traveling in excess of a specified speed limit establishes only a prima facie case of speed, and not unlawful conduct per se. We noted: "Such a provision as to speed is merely a rule of evidence raising a rebuttable presumption, which may be overcome by evidence showing that in the circumstances, the speed was neither excessive nor unreasonable. Id. What is reasonable and proper under the circumstances is a question of fact * * *." Id., citing In re:Zindle (1995), 107 Ohio App.3d 342, 347.
 {¶ 16} In the case sub judice, the evidence indicated that Pearce, who was pulling a boat trailer, was cresting a slight hill on Jugg Street and observed the dually truck backing out of the driveway located toward the bottom of said hill. Pearce recalled: "I was paying attention to the truck and as soon as the truck backed out and took off, [appellant's] car pulled in. He (sic) come out from behind the truck." Tr. at 11. He estimated his own speed at approximately 45 MPH. Id. Pearce recalled being about twenty to thirty yards from the top of the hill when he saw appellant turn in front of him. Tr. at 15. As the State notes, evidence was thus before the court allowing an inference that if Pearce could see appellant, then appellant should also have been able to timely see Pearce's pickup. Although appellant's expert indeed theorized of a higher speed by Pearce, and opined that the accident would not have happened had Pearce been driving at 55 MPH or less, the investigating trooper placed Pearce's speed at 45 MPH. Id. at 30.
 {¶ 17} The trial court thus reached some of the following conclusions:
 {¶ 18} "THE COURT: * * * The inferences that I am drawing from the evidence are these. That she backed out, the dually backed out in front of her, pulled away and . . . uh . . . initially probably blocked her vision about what was coming in the other lane. Um . . . the science . . . you know . . . I don't dispute any of the expert testimony here but it seems to me that if the argument is he should have seen her, then she should have seen at least the top of his vehicle. And I understand the nature of the testimony regarding the crest of the hill but he was in a pick-up truck and he would have been visible to her at not only the top of the crest of the hill but before that because of the distance that the truck sits off the road obviously, it's a higher sitting vehicle. I understand the testimony that her field of vision would not have been as far but if we are going to assume that he was suppose (sic) to see her or a portion of her vehicle, then I think we have to assume the same for her and it strikes me that being in that intersection for 4 seconds is a long time. And if it's a dangerous intersection I think the public policy behind this law is to require every driver to be a defensive driver and if there is a question about what's over the hill then you should either make the turn faster than that or . . . um . . . wait and see if something is under that next valley or something. So, I think you did an outstanding job trying the case. I think the expert testimony was helpful but I don't think it overcomes this burden that she has . . . this duty that she has to yield to that oncoming traffic. That's the way I see the case. I'm going to enter a guilty finding." Tr. at 76-77.
 {¶ 19} Upon review of the record, we do not find the trial court's aforesaid reasoning and findings led to a manifest miscarriage of justice. As we have often emphasized, the trier of fact, as opposed to this Court, is in a far better position to weigh the credibility of witnesses. State v. DeHass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212. Although in this instance the court did not dispute the expert testimony, a trier of fact is free to disregard or disbelieve an appellant's evidence, including appellant's experts. State v. Washburn,
Franklin App. No. 02AP-319, 2002-Ohio-7020, ¶ 37, citing Reder v.Antenucci (1989), 62 Ohio App.3d 139, 144. The court was not bound to necessarily find that Pearce was acting unlawfully and had given up the legal right of way in light of the evidence presented.
 {¶ 20} We therefore hold appellant's traffic conviction for failure to yield was not against the manifest weight of the evidence or an error of law.
 {¶ 21} Accordingly, appellant's First and Second Assignments of Error are overruled.
 {¶ 22} For the reasons stated in the foregoing opinion, the judgment of the Municipal Court of Licking County, Ohio, is hereby affirmed.
Wise, J. Hoffman, P.J., and Edwards, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Municipal Court of Licking County, Ohio, is affirmed. Costs to appellant.
[1] Appellant's brief alludes at one point to the "sufficiency of the evidence" standard, but otherwise is focused on the weight of the evidence and whether Pearce's vehicle had forfeited the right of way. See App.R. 16(A)(7).