THE STATE OF OHIO, APPELLEE, *v.* DEHNKE, APPELLANT.

[Cite as State v. Dehnke (1974), 40 Ohio App. 2d 194.]

(No. 4-73-11—Decided January 30, 1974.)

*Mr. Marlowe Witt*, for appellant.
*Mr. John P. Goldenetz*, for appellee.

COLE, J. This is an appeal from a conviction and sentence in the Municipal Court of Defiance for a speeding violation. The defendant, the appellant herein, was charged with operating his car at the rate of 75 miles per hour on a road on which the prima facie speed limit, under R. C. 4511.-21, was 60 miles per hour. The assignments of error are that:

1. The trial court erred in denying a motion of the

defendant for dismissal of plaintiff's complaint for insufficient evidence; and

2. The judgment of the court is not sustained by the evidence.

Both errors assigned involve the application of R. C. 4511.21 to the specific facts set forth in the record:

"No person shall operate a motor vehicle, * * * in and upon the streets and highways at a speed greater or less than is reasonable or proper, having due regard to the traffic, surface, and width of the street or highway and any other conditions * * *.

"It is prima-facie lawful for the operator of a motor vehicle * * * to operate the same at a speed not exceeding the following:

"'* * *

"(E) Sixty miles per hour during the daytime * * * on highways outside of municipal corporations * * *.

"'* * *

"(I) Seventy miles per hour at all times on freeways outside municipal corporations * * *.

"'* * *

"It is prima-facie unlawful for any person to exceed any of the speed limitations in sections 4511.01 to 4511.78, inclusive, and 4511.99 of the Revised Code."

In R. C. 4511.01 the following is stated:

"(WW) 'Freeway' means a divided multi-lane highway for through traffic with all cross roads separated in grade and with full control of access."

That portion of the statute dealing with the seventy miles per hour prima facie limit is quoted merely to point out that the width of a roadway, the number of lanes, the presence of a center median and non-intersecting access and the lack of direct crossing situations are important factors having a bearing upon what may or may not be a reasonable speed.

In considering the wording of the statute, we find that the single basic requirement is that the speed be reasonable under the circumstances existing. The statutory limits for various types of roads or highways furnishes a two pronged

presumption affecting the presentation of evidence. A speed in excess of the statutory limit is a prima facie unreasonable speed; a speed at or below the statutory limit is a prima facie reasonable speed. But the ultimate criterion is that the speed be reasonable considering the conditions then existing.

Now these conditions are many and they are all interrelated. Thus, a straight road tends to increase the appropriate speed, but if the straight road be icy it does not. The width of the road; the extent of visibility; the presence of hills or curves; the character of the pavement; the condition of the pavement; the number of lanes; the existence of intersections; the existence of other traffic; the division of lanes by a median strip; the type and condition of the vehicle; the weight of the vehicle and its load; even the position of the sun, as well as other things, may be considered in arriving at a concept of reasonable speed. Each affects the others so that none can be considered to be always leading to the same result. It is rather the integrated totality of these circumstances, their existence and mutual interaction that ultimately determines the issue as to whether a particular speed was or was not a reasonable speed.

This is essentially a matter for determination by the trier of facts. The Supreme Court has held that only if the evidence is such that no reasonable trier of facts could fail to have a reasonable doubt can a conviction be set aside for a failure of proof. *State* v. *Myers*, 164 Ohio St. 273.

Could a reasonable trier of facts in the present case fail to have a reasonable doubt as to the guilt of the defendant? The answer depends solely on whether the integrated totality of circumstances present at the time of the alleged offense were such as to necessarily demand a conclusion that the defendant's speed was reasonable. If this were the case, no reasonable trier of facts could fail to have a reasonable doubt as to guilt. On the other hand, if the integrated totality of the circumstances were such as to permit a conclusion that speed was unreasonable, then a reasonable trier of facts could fail to have a reasonable doubt and the conviction should stand.

A review of the circumstances indicates that many of the conditions present would lead to a conclusion justifying a speed somewhat higher than the prima facie speed. On the other hand some of those factors, *i. e.*, the existence of other traffic which would trigger passing situations, the existence of intersections which would trigger turning and passing situations as well as crossing problems, and the nonavailability of a separate passing lane all would tend to condemn the speed at which defendant was clocked. Taking the integrated totality of these circumstances into account, including the mutual interactions and the demands of these conditions, we cannot say that no reasonable trier of facts could fail to have a reasonable doubt. A reasonable trier of facts could in truth entertain a reasonable conviction beyond a reasonable doubt that the defendant was traveling at an unreasonable rate of speed under the conditions established in evidence as existing at the time of the offense.

*Judgment affirmed.*

GUERNSEY, P. J., and MILLER, J., concur.