OPINION
{¶ 1} Defendant-Appellant, Geoffrey Oglesby ("Oglesby") brings this appeal from the judgment of the Municipal Court of Tiffin finding him guilty of speeding and imposing costs.
 {¶ 2} On December 14, 2001, Oglesby was traveling on State Route 4 at a speed of approximately 44 miles per hour. Chief Jeff Briggs ("Briggs") stopped Oglesby for violating the posted speed limit of 35 miles per hour ("mph"). This limit is in effect within the corporate limits of the village. Once out of the town, the speed limit changes to 45 mph. Briggs also charged Oglesby for improper display of the front license plate, and operating a vehicle while under a reinstatement fee suspension. On June 10, 2002, the state dismissed the charge of driving while under suspension. The remaining charges were tried before the court on July 19, 2002.
 {¶ 3} At trial, Briggs testified that he saw Oglesby driving at what appeared to be an excessive speed. Briggs then testified that he clocked Oglesby prior to Oglesby reaching the sign stating the speed limit to be 45 mph. The radar showed Oglesby's speed to be 44 mph. Oglesby testified that he was indeed traveling at a rate of 44 mph. However, Oglesby testified that he was stopped at the sign changing the speed limit and that his speed was not unreasonable. At the conclusion of the evidence, the trial court found that Oglesby was guilty of speeding and fined him $35 plus court costs. The trial court found Oglesby not guilty of improperly displaying his front license plate. From this judgment, Oglesby raises the following assignments of error.
 {¶ 4} "The trial court erred by finding [Oglesby] guilty of speeding when the verdict was against the manifest weight of the evidence and insufficient as a matter of law."
 {¶ 5} "The trial court erred and abused its discretion by making [Oglesby] pay all the court costs and the costs assessed were unreasonable."
 {¶ 6} Oglesby argues in his first assignment of error that his conviction was not supported by the evidence. Traveling at a speed greater than the posted limit does not constitute unlawful conduct per se. R.C. 4511.21. However, a speed in excess of the statutory speed limit is a prima facie unreasonable speed. State v. Dehnke (1974), 40 Ohio App.2d 194,318 N.E.2d 395. Based upon the prima facie case, the trier of fact may find that the defendant committed a criminal act, but is not required to do so. In re Zindle (1995), 107 Ohio App.3d 342, 668 N.E.2d 969. A rebuttable presumption is created and may be overcome by evidence that in the circumstances, the speed was neither excessive nor unreasonable.Cleveland v. Keah (1952), 157 Ohio St. 331, 105 N.E.2d 402. "Although a trial court may find sufficient evidence to rebut the prima facie presumption, it is not required to do so simply because a defendant presents evidence supporting his contention." State v. Rimedio, 12th Dist. No. CA2002-04-084, 2003-Ohio-79, at ¶ 9. "What is reasonable and proper under the circumstances is a question of fact." State v.Winkler (Feb. 5, 1999), Champaign App. No. 98-CA-18, unreported.
 {¶ 7} In this case, there is no question that Oglesby was exceeding the posted speed limit of 35 mph. This establishes the State's prima facie case that Oglesby's speed was unreasonable. Oglesby argues that the speed was not unreasonable because the point where the posted limit was 45 mph was within his sight and he was out of the town. The trial court was not required to accept Oglesby's testimony as being sufficient to rebut the presumption raised by the posted speed limit. Thus, the trial court's finding of guilty is supported by some evidence and the first assignment of error is overruled.
 {¶ 8} In the second assignment of error, Oglesby claims that he should not have been liable for all of the court costs since one of the offenses were dismissed, one resulted in a not guilty verdict, and only the final charge resulted in a conviction. R.C. 2947.23 provides for the imposition of court costs upon a defendant found guilty of an offense. However, if the defendant is found not guilty of an offense, no court costs for that offense may be recovered. Cuyahoga Falls v. Coup-Peterson (1997),124 Ohio App.3d 716, 707 N.E.2d 545.
 {¶ 9} In this case, one complaint was filed. The complaint contained three parts, but the clerk of courts only had to open one file. Thus, all work done by the court on any of the three charges was entered into one file. By doing this, the clerk avoided having to duplicate work and needlessly increase the costs of the proceedings. The result of this is that regardless of the number of convictions, Oglesby could only be charged costs for one case.[1] The fact that Oglesby was only convicted on one charge does not necessarily make the court costs unreasonable. Therefore, the trial court did not err in imposing court costs and the second assignment of error is overruled.
 {¶ 10} The judgment of the Municipal Court of Tiffin is affirmed.
Judgment affirmed.
SHAW and CUPP, JJ., concur.
[1] See 1991 Ohio Atty.Gen.Ops. No. 91-039, at syllabus (holding that "[i]f an individual is charged with more than one misdemeanor arising from the same act or transaction or series of acts or transactions, and a municipal court * * * assigns a single case number with respect to the prosecution of these misdemeanors, while simultaneously distinguishing between each misdemeanor charged within that case number by attaching an additional identifier, each misdemeanor charged within that case number is not considered a `case' for purposes of assessing * * * court costs * * *.").