This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, James E. Dove, Jr. appeals the decision of the Medina Municipal Court, which found him guilty of speeding. This Court affirms.
 I. {¶ 2} On December 12, 2002, Brunswick City Police Officer Clifford Smith observed appellant's vehicle traveling at a high rate of speed on State Route 303 in Brunswick. Using radar, Officer Smith determined that appellant's speed was 50 m.p.h. The posted speed limit in the area was 35 m.p.h. Officer Smith pulled over appellant's vehicle and issued appellant a ticket for speeding in violation of Brunswick City Ordinance 434.03. The case was transferred from the Brunswick Municipal Court to the Medina Municipal Court, where it was tried before a magistrate. After being found guilty, appellant requested findings of fact and conclusions of law. The magistrate issued a decision including findings of fact and conclusions of law. Appellant filed timely objections to the magistrate's decision. The trial court overruled appellant's objections and found him guilty. The court imposed a fine of $50 plus costs.
 {¶ 3} Appellant timely appealed, setting forth three assignments of error.
 II. FIRST ASSIGNMENT OF ERROR "THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY RELYING UPON RADAR EVIDENCE IN A PROSECUTION FOR SPEEDING UNDER A MUNICIPAL ORDINANCE WHERE THE PROSECUTION FAILED TO PROVE WITH COMPETENT EVIDENCE THE RADAR UNIT WAS WORKING PROPERLY AT THE TIME OF THE OFFENSE AND THAT THE POLICE OFFICER HAD BEEN PROPERLY TRAINED IN THE USE OF THE UNIT."
 {¶ 4} In his first assignment of error, appellant argues that the prosecution failed to prove that the radar unit was working properly at the time of the stop, and that the police officer had been properly trained in the use of the unit. This Court disagrees.
 {¶ 5} "The trial court has broad discretion in the admission of evidence unless it has clearly abused its discretion and the defendant has been materially prejudiced, thereby, an appellate court should be slow to interfere." State v. Kasser (Nov. 29, 2001), 10th Dist. No. 01AP-260, citing Power v. Kirkpatrick (July 20, 2000), 10th Dist. No. 99AP-1026. Evid.R. 406 states:
 "Evidence of the habit of a person or of the routine practice of an organization, whether corroborated or not and regardless of the presence of eyewitnesses, is relevant to prove that the conduct of the person or organization on a particular occasion was in conformity with the habit or routine practice."
 {¶ 6} Officer Smith issued appellant the citation. Officer Smith testified that he had been employed by the Brunswick Police Department for two years at the time he pulled over appellant's vehicle. Officer Smith stated that he had received training regarding the calibration and use of the radar unit. When questioned regarding the calibration of the radar unit he used to check appellant's speed, Officer Smith replied that, as part of his normal routine, he checked the calibration of the radar unit at the beginning of each shift. Officer Smith testified that, in his opinion, the radar unit was in good working order.
 {¶ 7} After reviewing the entire record, this Court concludes that Officer Smith's testimony as to his normal routine of checking the calibration of the radar unit at each shift is sufficient to show that he checked the calibration of the radar unit on the date in question. Furthermore, the record reveals that Officer Smith received training in the calibration and operation of the radar unit. Therefore, this Court cannot conclude that the trial court abused its discretion by allowing Officer Smith to testify as to whether the radar unit was in proper working order. Appellant's first assignment of error is overruled.
 SECOND ASSIGNMENT OF ERROR "THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY UPHOLDING THE MAGISTRATE'S DECISION AND CONVICTING THE DEFENDANT OF DRIVING A MOTOR VEHICLE AT A SPEED UNREASONABLE FOR CONDITIONS WHERE THE EVIDENCE WAS INSUFFICIENT AS A MATTER OF LAW TO ESTABLISH THE VEHICLE'S SPEED WAS UNREASONABLE FOR CONDITIONS."
 THIRD ASSIGNMENT OF ERROR "THE TRIAL COURT'S JUDGMENT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE WHERE, BASED UPON A REVIEW OF THE ENTIRE RECORD, WEIGHING THE EVIDENCE AND ALL REASONABLE INFERENCES, AND CONSIDERING THE CREDIBILITY OF WITNESSES IT IS CLEAR [T]HE TRIAL COURT CLEARLY LOST ITS WAY AND CREATED SUCH A MANIFEST MISCARRIAGE OF JUSTICE THAT THE CONVICTION MUST BE REVERSED."
 {¶ 8} Appellant's second and third assignments of error have been combined for purposes of discussion. Appellant's second assignment of error challenges the sufficiency of the evidence. In his third assignment of error, appellant argues that his conviction is against the manifest weight of the evidence. An evaluation of the weight of the evidence, however, is dispositive of both issues in this case.
 {¶ 9} As a preliminary matter, this Court notes that sufficiency of the evidence produced by the State and weight of the evidence adduced at trial are legally distinct issues. State v. Thompkins (1997),78 Ohio St.3d 380, 386. "While the test for sufficiency requires a determination of whether the state has met its burden of production at trial, a manifest weight challenge questions whether the state has met its burden of persuasion." State v. Gulley (Mar. 15, 2000), 9th Dist. No. 19600, citing Thompkins, 78 Ohio St.3d at 390 (Cook, J. concurring). When determining whether a conviction is against the manifest weight of the evidence,
 "an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Otten (1986), 33 Ohio App.3d 339, 340.
 {¶ 10} This discretionary power should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant. Id.
 "Because sufficiency is required to take a case to the jury, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency. Thus, a determination that [a] conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency." (Emphasis omitted.) State v. Roberts (Sept. 17, 1997), 9th Dist. No. 96CA006462.
 {¶ 11} Appellant was charged with speeding in violation of Brunswick City Ordinance 434.03. Appellant argues that the trial court could not lawfully enter a finding of guilty without evidence that the vehicle was operated at a speed faster than was reasonable for the conditions. Appellant contends that the evidence was insufficient to prove that his speed was faster than was reasonable and proper.
 {¶ 12} Brunswick City Ordinance 434.03(a) provides:
 "No person shall operate a motor vehicle at a speed greater or less than is reasonable or proper, having due regard to the traffic, surface and width of the street or highway and any other conditions, and no person shall drive any motor vehicle in and upon any street or highway at a greater speed than will permit the person to bring it to a stop within the assured clear distance ahead."
 {¶ 13} Brunswick City Ordinance 434.03(b)(3) states, in relevant part:
 "It is prima-facie lawful, in the absence of a lower limit declared pursuant to Ohio R.C. 4511.21 by the Ohio Director of Transportation or Council, for the operator of a motor vehicle to operate the same at a speed not exceeding the following:
 "Thirty-five miles per hour on all State routes or through highways within the Municipality outside business districts[.]"
 {¶ 14} Brunswick City Ordinance 434.03(c) provides, in pertinent part:
 "It is prima-facie unlawful for any person to exceed any of the speed limitations in subsection (b)(1)A. to (b)(6) hereof, or any declared pursuant to this section by the Director of local authorities and it is unlawful for any person to exceed any of the speed limitations in subsection (d) hereof."
 {¶ 15} Officer Smith testified on behalf of the State. Officer Smith testified that, while traveling eastbound on State Route 303, he observed a vehicle being operated by appellant traveling at a high rate of speed. Upon observing the vehicle, Officer Smith activated his radar unit and obtained a reading of 50 miles an hour. Officer Smith testified that he checks the calibration of the radar unit at the beginning of each shift and that, on the day in question, it was his opinion that the radar unit was in good working order. Officer Smith further testified that the roads were wet and the flow of traffic was heavy at the time he pulled over appellant's vehicle. Officer Smith testified that it was his opinion that, given the conditions, it was unreasonable for appellant to operate his vehicle at 50 m.p.h.
 {¶ 16} Appellant testified on his own behalf. Appellant testified that, on the night he was pulled over by Officer Smith, he had gone to Kmart in Brunswick to purchase a Christmas tree stand. After purchasing the tree stand, appellant stated that he pulled out of the Kmart parking lot and turned onto Route 303. Appellant testified that he sped up to stay ahead of the oncoming traffic. Appellant testified that he did not know how fast he was going when he accelerated.
 {¶ 17} Under Brunswick City Ordinance 434.03(b), traveling at a speed greater than the posted limit does not constitute unlawful conduct per se. See Cleveland v. Keah (1952), 157 Ohio St. 331. However, a speed in excess of the statutory speed limit is a prima facie unreasonable speed. State v. Dehnke (1974), 40 Ohio App.2d 194. A prima facie case is one in which the evidence introduced is sufficient to support, but not to compel a certain conclusion. Keah, 157 Ohio St. at 336. Based upon the prima facie case, the trier of fact may conclude that the defendant committed a criminal act, but is not required to do so. In re Zindle
(1995), 107 Ohio App.3d 342. A rebuttable presumption is created and may be overcome by evidence that in the circumstances, the speed was neither excessive nor unreasonable. Keah, supra at 336. "Although a trial court may find sufficient evidence to rebut the prima facie presumption, it is not required to do so simply because a defendant presents evidence supporting his contention." State v. Rimedio, 12th Dist. No. CA2002-04-084, 2003-Ohio-79, at ¶ 9. "What is reasonable and proper under the circumstances is a question of fact." State v. Winkler (Feb. 5, 1999), 2nd Dist. No. 98-CA-18.
 {¶ 18} In the present case, appellant was traveling at a speed of 50 m.p.h. in a congested area with a posted limit of only 35 m.p.h. To rebut the presumption that 50 m.p.h. was an unreasonable speed, appellant testified that he sped up to stay ahead of oncoming traffic. Given these facts, the trial court could reasonably have found that, despite appellant's arguments to the contrary, he failed to rebut the presumption that his speed was unreasonable.
 {¶ 19} After careful review of the record, this Court cannot conclude that the trier of fact lost its way and created a manifest miscarriage of justice when it found appellant guilty of speeding. Consequently, this Court concludes that appellant's assertion that the State did not produce sufficient evidence to support a conviction is also without merit. Accordingly, appellant's second and third assignments of error are overruled.
 III. {¶ 20} Having overruled appellant's three assignments of error, the judgment of the trial court is affirmed.
SLABY, P.J. and BATCHELDER, J. CONCUR.