[Cite as *McComas v. Dept. of Natural Resources*, 2010-Ohio-4337.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

CHAZ T. MCCOMAS

    Plaintiff

    v.

DEPARTMENT OF NATURAL RESOURCES, et al.

    Defendants
    Case No. 2009-05153

Judge Clark B. Weaver Sr.

DECISION

{¶ 1} Plaintiff brought this action alleging negligence. The issues of liability and damages were bifurcated and the case proceeded to trial on the issue of liability.

{¶ 2} This case arises as a result of a motor vehicle collision that occurred on June 27, 2007, at approximately 7:40 a.m., in Athens County, Ohio. At the time, plaintiff was operating a 1992 Honda Civic southbound on State Route (SR) 690. Dean A. Ludwig, an employee of defendant, the Ohio Department of Natural Resources, was traveling northbound on SR 690 in a 1994 Chevrolet truck, with an attached flatbed trailer that was loaded with heavy equipment. Ludwig was en route to Stroud's Run State Park to deliver the equipment. The collision occurred when Ludwig was making a westbound turn onto County Road (CR) 20, also known as Stroud's Run Road. Both SR 690 and CR 20 are two-lane roadways; there were no stop signs or traffic signals controlling traffic on SR 690. Approximately 150 feet from the intersection there is a steeply-graded hill that obscures vision for both northbound and southbound travelers.

{¶ 3} Ludwig testified that he slowed almost to a stop when approaching the

intersection and that, because of the hill blocking his view of on-coming traffic, he leaned his head out of the opened driver's side window to listen for approaching traffic. He stated that he neither saw nor heard any traffic in any direction before he proceeded to make his turn. Plaintiff testified that he was traveling below the 55 mile-per-hour (mph) speed limit, at approximately 40-45 mph, as he crested the hill and observed Ludwig's vehicle making its westbound turn through the intersection. It is undisputed that neither driver could see the other until plaintiff crested the hill and that, at such point, the collision was unavoidable due to the short distance between the crest of the hill and the intersection. Plaintiff's vehicle struck the right rear axle of Ludwig's trailer, which caused both extensive damage to the front of plaintiff's vehicle and his multiple injuries.

{¶ 4} Plaintiff alleges that Ludwig was negligent in failing to yield the right of way and that his negligence was the sole proximate cause of the accident.

{¶ 5} In order for plaintiff to prevail upon his claim of negligence, plaintiff must prove by a preponderance of the evidence that Ludwig owed him a duty, that Ludwig's acts or omissions resulted in a breach of that duty, and that the breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.*, 99 Ohio St.3d 79, 81, 2003-Ohio-2573, citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St.3d 75, 77.

{¶ 6} R.C. 4511.42 states:

{¶ 7} "(A) The operator of a vehicle * * * intending to turn to the left within an intersection or into an alley, private road, or driveway shall yield the right of way to any vehicle * * * approaching from the opposite direction, whenever the approaching vehicle * * * is within the intersection or so close to the intersection, * * * as to constitute an immediate hazard."

{¶ 8} Additionally, R.C. 4511.39 states:

{¶ 9} "(A) No person shall turn a vehicle * * * or move right or left upon a highway unless and until such person has exercised due care to ascertain that the movement can be made with reasonable safety * * *."

{¶ 10} Plaintiff maintains that he had the presumed right of way to travel unimpeded though the intersection as long as he did so in a lawful manner. He contends that he was not speeding, and the court notes that there was no evidence that plaintiff was otherwise driving recklessly. Plaintiff further contends that, although

Ludwig could not have seen his vehicle until it crested the hill and the accident became unavoidable, Ludwig was negligent in failing to come to a complete stop and to ensure by listening that no traffic was approaching before commencing the westbound turn. Plaintiff testified that his vehicle was equipped with a "cat-back" exhaust muffler that dramatically intensified its sound and that should have made its approach evident.

{¶ 11} In response, defendant argues that Ludwig exercised all care that was due under the circumstances. Defendant insists that, in light of the obstruction of the view, it is immaterial whether Ludwig came to a complete stop, since he was required to yield to a vehicle that he could not see in any event. Defendant also maintains that it was reasonable for Ludwig to come to a rolling stop at the intersection because of the length and weight[1] of his vehicle and the amount of time it would have taken to completely stop and then re-accelerate, actions that would have kept his vehicle in the intersection and in a position of peril for a longer period of time.

{¶ 12} In addition to plaintiff and Ludwig, the court also heard testimony from Trooper Fred Cook, of the Ohio State Highway Patrol. Trooper Cook testified regarding his measurements of the accident scene and a videotape that he produced of the northbound and southbound approaches to the intersection approximately three years after the accident. Upon review of the testimony and other evidence presented, the court makes the following determination.

{¶ 13} It is undisputed that Ludwig had a duty to yield to southbound traffic and to exercise due care before executing his westbound turn at CR 20. Given the known sight obstruction, the court finds that the duty of ordinary care necessarily included the duty to listen carefully before proceeding into the intersection. Indeed, Ludwig testified that he knew that he would not be able to see whether any southbound traffic was approaching, and so that is why he chose to lean out from the truck window to listen. The court finds that once such action is undertaken, it must be done with all due care required under the circumstances and Ludwig's testimony that he did so lacked credibility. The court is particularly persuaded in this regard by Trooper Cook's videotape (Defendant's Exhibit A), which depicts a sedan-style vehicle proceeding through the intersection at CR 20 and SR 690 as Cook's vehicle, with the driver's

_____

[1]According to Ludwig, the truck was approximately 20 feet long and the attached trailer was approximately the same length; the equipment that was loaded on the trailer was estimated at

window open, remains stopped and waiting to turn westbound. The sound of the approaching vehicle is clearly audible on the videotape and is sufficiently clear to put a driver on notice that it would not be safe to proceed with a westbound turn until the other vehicle had passed through the intersection. Moreover, in this case, the sound of plaintiff's vehicle, with its amplified muffler system, should have been readily discernible. The court concludes that whether Ludwig came to a complete stop or did not, he failed to exercise due care before proceeding into and through the intersection.

{¶ 14} Nonetheless, even though plaintiff had the right of way as he approached the intersection, and was driving below the 55 mph speed limit, R.C. 4511.21, provides:

{¶ 15} "(A) No person shall operate a motor vehicle * * * at a speed greater or less than is reasonable or proper, having due regard to the traffic, surface, and width of the street or highway *and any other conditions* and no person shall drive any motor vehicle * * * upon any street or highway at a greater speed than will permit the person to bring it to a stop within the assured clear distance ahead." (Emphasis added.)

{¶ 16} In *State v. Dehnke* (1974), 40 Ohio App.2d 194, the court explained that: "[i]n considering the wording of [R.C. 4511.21], we find that the single basic requirement is that the speed be reasonable under the circumstances existing. The statutory limits for various types of roads or highways furnishes a two pronged presumption affecting the presentation of evidence. A speed in excess of the statutory limit is a prima facie unreasonable speed; a speed at or below the statutory limit is a prima facie reasonable speed. But the ultimate criterion is that the speed be reasonable considering the conditions then existing." Id. at 195-196.

{¶ 17} The court found plaintiff to be a credible witness and does not doubt his testimony that he was traveling below the speed limit, or at approximately 40-45 mph. Plaintiff also testified that, prior to the accident, he had traveled SR 690 on many occasions, that he was aware of the blind spot created by the hill and that, although he had never previously had either an accident or a "near miss" at the location, he considered the intersection at CR 20 to be dangerous, "messed up," and "scary." He noted that deer were known to cross the road in that area during the early morning hours, or about the time that he was traveling on the day of the accident.

{¶ 18} In Trooper Cook's video, it can be seen that the intersection is located in a

approximately four tons.

rural area, that SR 690 is a hilly, curving roadway with forested land on either side and that on southbound SR 690, well before the intersection, there is a yellow cautionary sign depicting the symbol for an intersection ahead. The court notes that below the intersection sign there is second cautionary sign with the wording "20 mph" as a suggested speed limit. Also located along the roadway are cautionary signs warning of deer crossing and a sharp incline at the intersection. The presence of those signs in the area persuades the court that a speed of 40-45 mph is not prudent when approaching the intersection.

{¶ 19} Moreover, "[w]hile it is true that generally one has a right to assume that other drivers will exercise due care and observe the law, this does not permit one to drive blindly down the highway. A driver is always under a duty to exercise ordinary care under the circumstances." *Orr v. Zeff* (Mar. 26, 1980), Hamilton App. No. C-790022. The court finds that, given plaintiff's knowledge of the dangerous condition of the intersection, his familiarity with the surroundings, and the potential for interaction with deer or other wildlife, a lower speed than 40-45 mph would have been reasonable. Accordingly, Ohio's comparative fault statute, R.C. 2315.33,[2] is applicable.

{¶ 20} Although the court recognizes that the collision occurred at a very poorly-designed intersection, that issue was not raised at the trial. However, when such intersections are encountered by members of the motoring public, it is incumbent upon them, in the exercise of ordinary care, to effectively utilize their experience and judgment to negotiate those intersections safely. Upon consideration of the testimony and other evidence presented, the court finds that plaintiff has proved his negligence claim by a preponderance of the evidence; however, the degree of fault attributable to him in failing to drive at a reasonable speed for the existing conditions is 50 percent. Judgment shall be entered accordingly in favor of plaintiff and the case shall be set for

---

[2]R.C. 2315.33 provides:

"The contributory fault of a person does not bar the person as plaintiff from recovering damages that have directly and proximately resulted from the tortious conduct of one or more other persons, if the contributory fault of the plaintiff was not greater than the combined tortious conduct of all other persons from whom the plaintiff seeks recovery in this action * * *. The court shall diminish any compensatory damages recoverable by the plaintiff by an amount that is proportionately equal to the percentage of tortious conduct of the plaintiff * * *."

trial on the issue of damages.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

CHAZ T. MCCOMAS

     Plaintiff

     v.

DEPARTMENT OF NATURAL RESOURCES, et al.

     Defendants
     Case No. 2009-05153

Judge Clark B. Weaver Sr.

<u>JUDGMENT ENTRY</u>

This case was tried to the court on the issue of liability. The court has considered
the evidence and, for the reasons set forth in the decision filed concurrently herewith,
judgment is rendered in favor of plaintiff. The case will be set for trial on the issue of
damages which shall be reduced by 50 percent, to account for plaintiff's contributory
negligence.

_____
CLARK B. WEAVER SR.
Judge

cc:

Adam H. Leonatti
929 Harrison Avenue, Suite 205
Columbus, Ohio 43215

Frank E. Todaro
Robert J. Wagoner
471 East Broad Street, Suite 1303
Columbus, Ohio 43215-3853

James P. Dinsmore
Peter E. DeMarco
Assistant Attorneys General
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

LH/cmd/Filed September 2, 2010/To S.C. reporter September 14, 2010